UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ABRAHAM BILGORAY,

                              Plaintiff,

          -against-

MIKE ANDES, et al.,

                              Defendants.

25-CV-584 (JGLC)

**<u>ORDER OF DISMISSAL</u>**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff originally filed this action in state court on December 16, 2024, and asserted causes of action for fraud and negligent misrepresentation, and sought rescission (in addition to damages and other equitable relief). ECF No. 1-1. Defendants then removed the action from the Supreme Court, County of Rockland to this Court on January 21, 2025. ECF No. 1. On February 21, 2025, Defendants filed a motion to compel arbitration, or, in the alternative, transfer this action or dismiss it pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 9. After Plaintiff missed the opposition deadline by nearly six weeks, this Court issued an Order to Show Cause why Defendants' motion should not be treated as unopposed and why Plaintiff's failure to response should be excused. ECF No. 19 ("OTSC 1"). Plaintiff did not (and still has not) filed any response to OTSC 1.

As a result, this Court issued a second show cause order observing that Plaintiff has not prosecuted or participated in this action since March 2025, and demanding he show cause why this action should not be dismissed for failure to prosecute. ECF No. 20 ("OTSC 2"). OTSC 2 instructed Plaintiff to submit a letter by June 6, 2025 showing good cause for his delay, and warned that a failure to do so would result in a dismissal of the action. *Id.* Still, nearly two weeks

1

after that deadline, Plaintiff has not filed a letter or otherwise communicated with the Court. For the reasons set forth below, the Court dismisses this action due to Plaintiff's failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." FED. R. CIV. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A district court considering dismissal under Rule 41(b) must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal. *Baptiste*, 768 F.3d at 216. No single factor is generally dispositive. *Id.*

Here, the factors weigh in favor of dismissal. Plaintiff's absence has caused the litigation to stall for months. This Court also provided Plaintiff with ample opportunity, through the two OTSCs, to resume litigating this action or to defend against the Defendants' motion. That delay will continue to prejudice Defendants, who seek dismissal of this action, and it does not appear that any other available (or lesser) sanctions would prove effective in compelling Plaintiff's attention to the action he himself instituted. Moreover, the Court already attempted to balance plaintiff's opportunity to be heard with the management of its docket by first providing an opportunity for plaintiff to explain its delay in opposing the motion. In short, because the Court

has not received any response from Plaintiff, including any indication that he intends to pursue

this case, dismissal pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

Based on the foregoing, IT IS HEREBY ORDERED that this action is dismissed

pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of Court is

respectfully directed to terminate all pending motions and to close this case.


Dated:  June 17, 2025                                    SO ORDERED.
           New York, New York

                                                                  *Jessica Clarke*

                                                        JESSICA G. L. CLARKE
                                                        United States District Judge